IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 5:11cv475 |
| v. | ) ) | COMPLAINT |
| G2 SECURE STAFF, LLC, | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Sharif K. Thompson ("Thompson") who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") alleges that the defendant, G2 Secure Staff, LLC ("Defendant"), denied Thompson a reasonable accommodation and failed to hire him because of his disability, in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been a Texas limited liability company licensed to do business in the State of North Carolina, and doing business in the State of North Carolina and the City of Raleigh, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Thompson filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least May 2010, Defendant engaged in unlawful employment practices at its Raleigh, North Carolina facility in violation of Sections 102(a) and (b)(1) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(1), as follows:

(a) Thompson suffers from End Stage Renal Disease. As a result of this condition, Thompson has no kidney function and is not able to urinate. Thompson therefore has a disability as defined by the ADA.

(b) In or around May 2010, Thompson applied for a job as a Shift Supervisor at Defendant's facility at the Raleigh-Durham International Airport.

(c) After successfully completing the first five steps of Defendant's six-step hiring process, Thompson was given a conditional job offer and was told that he had to successfully complete a drug test before he could begin working for Defendant.

(d) On or about May 21, 2010, Thompson, at Defendant's direction, reported to a third-party drug testing company to take a drug test. Thompson asked an employee of the drug testing company if he could take the drug test using a hair sample rather than a urinalysis because he could not produce urine. The employee of the drug testing company contacted Defendant's General Manager and Thompson then explained to the General Manager that he could not produce urine because of his disability. The General Manager told Thompson that he would arrange for Thompson to take an alternate form of the drug test, but, in the meantime, Thompson should attend Defendant's New Employee Orientation.

(e) Shortly thereafter, Thompson reported to New Employee Orientation to begin working for Defendant. However, upon his arrival, Thompson was told that he

3

Case 5:11-cv-00475-FL    Document 1    Filed 09/12/11    Page 3 of 6

could not begin working for Defendant until he had completed a drug test. Thompson was then asked to leave Defendant's facility immediately.

(f) Thompson never heard from Defendant's General Manager or anyone else in Defendant's employ about taking an alternate form of the drug test. Thompson attempted to contact Defendant several times both in person and via telephone, but no one ever returned his messages.

(g) Because Defendant failed to provide Thompson with a reasonable accommodation, that being an alternate drug test, Thompson was not able to complete Defendant's hiring process and Defendant did not hire Thompson into the Shift Supervisor position.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Thompson of equal employment opportunities and otherwise adversely affect his employment status because of his disability.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Thompson.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from discriminating against individuals because of their disabilities, including discrimination in hiring, firing, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled persons, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Thompson whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

D. Order Defendant to make Thompson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, in amounts to be determined at trial.

E. Order Defendant to make Thompson whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 8 above, including emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay Thompson punitive damages for its malicious and reckless conduct described in paragraph 8 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this the 12th day of September, 2011.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, NE
Washington, DC 20507

/s/ Lynette A. Barnes
LYNETTE A. BARNES (NC Bar #19732)
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202

TINA BURNSIDE (WI Bar #1026965)
Supervisory Trial Attorney

/s/ Katherine A. Zimmerman
KATHERINE A. ZIMMERMAN
NC Bar No. 36393
Trial Attorney
Raleigh Area Office
1309 Annapolis Drive
Raleigh, NC 27608
Phone: (919) 856-4148
Fax:    (919) 856-4156
katherine.zimmerman@eeoc.gov

ATTORNEYS FOR PLAINTIFF

6